IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREA EGGLESTON MAYO, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO.: 1:17-cv-334-WKW-GMB |
| | )   [WO] |
| MAURICE ALFONSO EGGLESTON, | ) |
| *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 19, 2017, *pro se* Plaintiff Andrea Eggleston Mayo filed a notice of removal—entitled "Notice of Petition and Verified Petition for Warrant of Emergency Removal"—and attached as an exhibit a "Complaint for a Civil Case.[1] Docs. 1 & 1-1. Mayo's notice of removal identifies Maurice Alfonso Eggleston, Dana Horn Eggleston, John Calvin White, Amy Shumate, Jack Michael Conaway, Denise B. Cleveland, Lori Collier Ingram, and Kalia Lane as defendants. Her "Complaint for a Civil Case" names the same defendants. In addition to these filings, Mayo filed a motion for leave to proceed *in forma pauperis*. Doc. 2. Having reviewed the filings, and for the reasons that follow, the court recommends that this case be REMANDED to the Circuit Court of Houston County, Alabama for lack of subject-matter jurisdiction.

---

[1] Mayo has also filed two additional notices of removal and complaints in this court. These cases are styled as *Andrea Eggleston Mayo v. Samantha Alexis Mayo, et al.*, 1:17-cv-333-WKW-GMB (filed May 19, 2017), and *Andrea Eggleston Mayo v. State of Alabama/Attorney Christopher Capps, et al.*, 1:17-cv-355-WKW-GMB (filed June 1, 2017).

Mayo's "Notice of Petition and Verified Petition for Warrant of Emergency Removal" is a 46-page document alleging various constitutional and state-law claims against the defendants arising out of divorce and child custody proceedings between Mayo and Maurice Alfonso Eggleston ("Mr. Eggleston"). Mayo identifies the underlying state-court matter in the notice of removal as "Case No: DR-2005-302.05, in the Twentieth Judicial Circuit Court of Houston County, Alabama," and she requests "emergency removal" of this matter based on "the various jurisdiction of this United States District Court." Doc. 1. Mayo seeks $100,000,000 in damages. Doc. 1.

Although Mayo has not submitted any of the relevant state-court filings to this court,[2] an independent review of the records of the Circuit Court of Houston County, Alabama shows that the action Mayo is attempting to remove is an active domestic-relations proceeding styled as *In re the Marriage of Andrea N. Eggleston vs. Maurice A. Eggleston*, DR-2005-000302.05, in the Circuit Court of Houston County, Alabama. Mayo, who is identified as Andrea Eggleston in the state-court action, is designated as the plaintiff in that case and this case.

Liberally construing Mayo's notice of removal, the court concludes that Mayo is asserting that the court has federal-question jurisdiction over her federal constitutional claims, *see* 28 U.S.C. § 1331, and supplemental jurisdiction over her state-law claims, *see*

---

[2] Mayo's petition is based "on the presumption that the Alabama State Court record will be made available to this Honorable Court upon Notice and Demand for Mandatory Judicial Notice." Doc. 1. However, when a matter is removed from state court to federal court, it is the removing party's obligation—not the court's— to obtain and to file with the court "a copy of all process, pleadings, and orders served upon such defendant or defendants" in the underlying state-court action. 28 U.S.C. § 1446(a). To date, Mayo has not submitted any of the records from the underlying state-court proceeding to this court, as required by statute.

2

28 U.S.C. § 1367. However, after reviewing Mayo's filings, the court concludes that it does not have subject-matter jurisdiction over this action because the state-court lawsuit was improperly removed. The language of 28 U.S.C. §§ 1441 and 1446 allows only a defendant to remove a civil action. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by . . . the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). A plaintiff cannot remove her own state-court action as Mayo is attempting to do here. *See Kelly v. CHI, Inc.*, 2014 WL 3767670, at *1 (S.D. Fla. July 31, 2014) (collecting cases holding that a plaintiff cannot remove her own state-court lawsuit to federal court); *Liebreich v. Church of Scientology Flag Serv. Org.*, 2013 WL 212705, at *3 (M.D. Fla. Jan. 28, 2013) ("Section 1441 authorizes removal only by the defendant, and there is no authority permitting a plaintiff to remove his own action.").

Federal courts have limited jurisdiction and are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal quotation marks omitted). "A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principal that a court should inquire," even on its own initiative, "into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.* at 410. Even without a pending motion to remand, the court must remand a removed case *sua sponte* if

subject-matter jurisdiction is lacking. *Taylor v. Phillips*, 442 F. App'x 441, 443 n.3 (11th Cir. 2011).

A removing party bears the burden of showing facts supporting the federal court's jurisdiction and removing a state-court case in a manner that complies with the removal statutes. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994). Mayo has not met this burden. She has improperly removed to federal court a state-court action in which she is the plaintiff. Moreover, she has not demonstrated how this court has subject-matter jurisdiction over this action—either through federal question or diversity jurisdiction. There is no indication in the record that there is a federal cause of action pleaded in the underlying domestic-relations proceeding, or that the resolution of a state-law claim in that case necessarily depends on a substantial federal question. *See Woodroffe v. State of Fla.*, 2016 WL 375067, at *3 (M.D. Fla. Jan. 29, 2016). Likewise, there is nothing in the record to suggest that this court has diversity jurisdiction. And even if there were allegations establishing diversity, the court would still lack subject-matter jurisdiction because "[t]he domestic relations exception to diversity of citizenship jurisdiction is a well-accepted doctrine which allows the federal courts to abstain from deciding" family-law disputes, including, among other things, "child custody actions." *Kirby v. Mellenger*, 830 F.2d 176, 177–78 (11th Cir. 1987).

Thus, because Mayo has improperly removed this action, "the only function remaining to the court is that of announcing [that it lacks subject-matter jurisdiction] and dismissing the cause." *Univ. of S. Ala.*, 168 F.3d at 410 (internal quotation marks omitted). Accordingly, for the reasons explained above, the undersigned recommends that this case

be REMANDED to the Circuit Court of Houston County, Alabama for lack of subject-matter jurisdiction and that the court abstain from ruling on Mayo's motion for leave to proceed *in forma pauperis* because it lacks jurisdiction to do so.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation no later than **July 19, 2017**.  Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the district court.  The parties are advised that this report and recommendation is not a final order of the court, and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 5th day of July, 2017.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE